**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ESTELA LAHOZ,

           *Pro se* Plaintiff,

      -against-

AGE WELL NEW YORK,

           Defendant.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 17-3721 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

*Pro se* Plaintiff Estella Lahoz ("Plaintiff") commenced this action against her former employer Age Well New York ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *See* Plaintiff's Complaint ("Compl.") [DE 1] at 3. Plaintiff alleges that based on her gender, race, and religion, Defendant (1) refused to grant her requests for vacation while she was employed, and (2) following her resignation, refused to pay her out for unused vacation time. *See id*. Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Def.'s Motion to Dismiss ("Def.'s Mot.") [DE 14]; Defendant's Memorandum in Support ("Def.'s Mem.") [DE 15]. Defendant argues that Plaintiff cannot sustain this lawsuit since she failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct. *See generally* Def.'s Mem. Plaintiff has submitted a single-page opposition to the Defendant's motion. *See* Plaintiff's Opposition ("Pl.'s Opp'n.") [DE 19]. On May 25, 2018, Judge Bianco referred

Defendant's motion to this Court for a Report and Recommendation as to whether the motion should be granted. *See* DE 20. For the following reasons, the Court respectfully recommends to Judge Bianco that Defendant's motion to dismiss the Complaint be GRANTED.

## II. BACKGROUND

### A. Plaintiff's Complaint[1]

Plaintiff was employed by the Defendant from August 1, 2013 to January 31, 2016. *See* Compl. at 10. She alleges that the Defendant discriminated against her when it "refused to pay [her] vacations." *Id*. at 4. This conduct allegedly took place on two occasions: on "12/15/15"[2] when Plaintiff's "request for vacation was denied," and on "01/31/16" when her "second [request] was denied (payment)." *Id*. According to the Complaint, the Defendant refused to grant Plaintiff's vacation requests or pay her for unused vacation time because of her race (Hispanic), her gender (female), and her religion (Jehovah's Witness). *See id*. at 5.

Plaintiff states that she was issued a Notice of Right to Sue letter from the EEOC which she received on April 4, 2017. *See* Compl. at 6. Attached to the Complaint is Plaintiff's EEOC Intake Questionnaire which was filed on December 31, 2016. *See id.* at 13. In her questionnaire, Plaintiff states "I believe that I was discriminated [against] because I know at least two cases w[h]ere company person[n]el got paid their vacation time although the end of the labor[ ] relationship w[as] not the best." *Id*. at 14. She then describes the two individuals who were allegedly paid for unused vacation time, while she was not. *See id*. Plaintiff alleges that while

---

[1] Plaintiff utilizes the Clerk's Office seven-page form complaint and includes eight pages of attachments consisting of her EEOC charge and dismissal paperwork. The Court references Plaintiff's Complaint by page number, from pages 1 through 15.

[2] Plaintiff also alleges discriminatory conduct on "12/01/15," although it appears this is the same incident she states took place on 12/15/15. *See* Compl. at 6.

2

employed, Defendant "constantly denied" her requests for vacation time due to "employee shortages," but also failed to pay her accrued and unused sick time upon her resignation. *See id.* The EEOC Intake Questionnaire indicates that Plaintiff's employment with Defendant ended January 31, 2016. *See id*. at 10.

Also attached to the Complaint is correspondence from the EEOC to Plaintiff dated March 30, 2017, in which the EEOC states that it is dismissing Plaintiff's charge because it is unable to determine that Plaintiff was "subjected to an adverse employment action motivated by discriminatory animus as defined by Commission guidelines and federal law." Compl. at 8. However the EEOC "Dismissal and Notice of Rights" form, also attached to Plaintiff's Complaint and also dated March 30, 2017, indicates that Plaintiff's charge was closed because it was not timely filed. *See id*. at 9.

**B.    Procedural Background**

As indicated by the attachments to her Complaint, Plaintiff filed her EEOC charge on December 31, 2016. *See* Compl. at 13. On March 30, 2017, Plaintiff was notified in correspondence from the EEOC that her charge was being dismissed because the EEOC could not determine that she was subjected to an adverse employment action. *See id*. at 8. However, on the same date, Plaintiff was notified in a "Dismissal and Notice of Rights" form that her charge was being dismissed because it was not timely filed. *See id*. at 9.

Plaintiff filed the instant Complaint on June 16, 2017. *See* Compl. at 1. On August 8, 2017, Defendant notified Judge Bianco of its intent to move to dismiss the Complaint. Judge Bianco waived his pre-motion conference requirement on August 17, 2017 and set a briefing schedule for the motion to dismiss. *See* DE 13. Defendant's motion was filed on September 18, 2018. *See* DE 14, 15. On October 23, 2017, Plaintiff sought an extension of time to respond to

3

Defendant's motion and her request was granted on April 25, 2018.  *See* DE 16-18.  On May 21, 2018, Plaintiff filed her opposition to Defendant's motion.  *See* DE 19.  Defendant filed its reply on June 4, 2018.[3]  *See* DE 21.  Judge Bianco referred Defendant's motion to dismiss to this Court on May 25, 2018 for a Report and Recommendation as to whether the motion should be granted.  *See* DE 20.

### III.    STANDARD OF REVIEW

At the outset, the Court observes that *pro se* filings like Plaintiff's Complaint are to be liberally construed.  *Shin v. Queens Hosp. Ctr. in Jamaica*, No. 14-CV-7237, 2014 WL 7422664, at *3 (E.D.N.Y. Dec. 31, 2014).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court must therefore "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 890 (2d Cir.1994)).  *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive

---

[3]  Thereafter, on June 21, 2018, the Plaintiff filed a letter to Judge Bianco which the Court construes as an impermissible sur-reply.  *See* DE 22.  Plaintiff did not seek any authorization to submit this filing, nor does it appear from the docket that the submission was authorized by Judge Bianco.  Neither Local Civil Rule 6.1 nor Judge Bianco's Individual Rules contemplate sur-replies.  *See Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) ("[A] sur-reply memorandum shall not be accepted without *prior* leave of court.") (emphasis in original).  Importantly, "Plaintiff's status as a *pro se* litigant does not relieve her of her obligation to adhere to all applicable procedural rules."  *Guity v. Uniondale Union Free Sch. Dist.*, No. 15-CV-5693, 2017 WL 1233846, at *3 (E.D.N.Y. Mar. 31, 2017); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotations and citations omitted).  This Court therefore declines to consider the contents of Plaintiff's unauthorized supplemental filing.

law." *Lomax v. Aegis Funding Corp.*, No. 9-2321, 2010 WL 1633440, at *2 (E.D.N.Y. Apr. 19, 2010) (quoting *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002)). Likewise, "mere conclusions of law or unwarranted deductions need not be accepted." *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *5 (E.D.N.Y. Sept. 2, 2014).

That being said, the general standard of review on a Rule 12(b)(6) motion to dismiss remains applicable here: the Court must liberally construe the claims set forth in the Complaint, accept all factual allegations in the Complaint as true, and draw all reasonable inferences in favor of the Plaintiff. *See Aegis Ins. Servs., Inc.*, 737 F.3d at 176; *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). The Plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (holding that a complaint must set forth "a plausible set of facts sufficient 'to raise a right to relief above the speculative level'") (quoting *Twombly*, 550 U.S. at 555).

In adjudicating a Rule 12(b)(6) motion, the Court must limit itself to facts alleged in the Complaint, which allegations are accepted as true; to documents attached to the complaint as exhibits or incorporated in the complaint by reference; to matters of which judicial notice may be taken; or to documents whose terms and effect are relied heavily upon in the complaint and, thus, are rendered "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147,

152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014).  To the extent "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d); *see Wrap-N-Pack, Inc. v. Eisenberg*, No. 04-cv-4887, 2007 WL 952069, at *5 (E.D.N.Y. Mar. 29, 2007).

The Court does not find conversion to a Rule 56 motion to be necessary here.  Rather, each of the three documents attached to Plaintiff's Complaint -- the EEOC Intake Questionnaire associated with her charge, the EEOC correspondence indicating the dismissal of her charge, and the "Dismissal and Notice of Rights" form -- are properly within the scope of what the Court may consider in evaluating Defendant's motion to dismiss.  Each attachment is heavily relied upon and incorporated into Plaintiff's Complaint, *see Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (noting that in ruling on a motion to dismiss "it is proper for this court to consider the plaintiffs relevant filings with the EEOC"), and each attachment is also a public document of which the Court may take judicial notice.  *See Awelewa v. New York City*, No. 11 CIV. 778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012).  Since conversion to a Rule 56 motion is unnecessary, the Court will proceed with its analysis.

**IV.   DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on the grounds that she failed to file her EEOC charge within 300 days of Defendant's allegedly discriminatory conduct.  It is well settled that a plaintiff alleging violations of Title VII of the Civil Rights Act must exhaust her administrative remedies with the EEOC before proceeding to federal court.  *Deravin v. Kerik*,

335 F.3d 195, 200 (2d Cir. 2003). This means that in New York,[4] "a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred.'" *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (quoting 42 U.S.C. § 2000e-5(e)(1)). The clear language of the statute "makes the act of filing a charge within the specified time period mandatory." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070, 153 L. Ed. 2d 106 (2002) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)).

The Complaint does not allege that Plaintiff filed her EEOC charge within 300 days of Defendant's alleged discriminatory conduct. To the contrary, the Complaint shows that each of the two alleged instances of Defendant's discriminatory conduct occurred more than 300 days prior to the filing of Plaintiff's EEOC charge. Plaintiff complains of discriminatory conduct that occurred on "12/15/15" when her "request for vacation was denied," and on "01/31/16" when her "second [request] was denied (payment)." Compl. at 4. Plaintiff's EEOC charge was filed on December 31, 2016. *See id.* at 13. The most recent alleged incident of discriminatory conduct therefore occurred 334 days prior to the filing of her EEOC charge. The EEOC concluded that Plaintiff's charge was not timely filed and indicated that the charge was being dismissed for this reason. *See id*. at 9. Based on the information presented to the Court, the Court reaches the same conclusion: it is clear that Plaintiff's EEOC charge was not timely filed since it was submitted 34 days past the deadline.

---

[4] "The three-hundred-day look-back period is in fact an extended period that Title VII affords to plaintiffs complaining about conduct that occurred in a state with its own antidiscrimination enforcement mechanisms, which includes New York." *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018).

7

Although Plaintiff has submitted the opposition to Defendant's motion, she does not address, or even acknowledge, the untimeliness of her EEOC charge. Instead, she reiterates the same allegations regarding the merits of her claims that are contained in her EEOC charge and federal court complaint. *See generally* Pl.'s Oppn.

Given the well-settled law in this area and the fact that Plaintiff has presented no evidence that she has timely filed her EEOC charge -- a prerequisite for this lawsuit -- the Court has no alternative but to recommend to Judge Bianco that Plaintiff's Complaint be dismissed.

Further, the Court points out that in this case, the *pro se* Plaintiff has not requested leave to amend her Complaint. However, the Court has considered whether the Plaintiff should be given an opportunity to re-plead her various claims against the Defendant. "When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Aquino v. Prudential Life & Cas. Ins. Co.,* 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005); *see Thompson v. Carter,* 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). A court should only deny a *pro se* plaintiff leave to amend when "it is 'beyond doubt that the plaintiff can provide no set of facts in support' of his amended claims." *Pangburn v. Culbertson,* 200 F.3d 65, 71 (2d Cir. 1999) (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)).

Even under this liberal standard, however, the Court may decline to provide a *pro se* plaintiff with an opportunity to re-plead if the Court finds that the plaintiff "cannot correct the defects in his federal claims" and therefore "any attempt to amend the pleading . . . would be

8

futile." *Shorter v. Rice,* No. 12 Civ. 0111, 2012 WL 1340088, at *5 (E.D.N.Y. Apr. 10, 2012); *see Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). As set forth above, plaintiff did not file her EEOC charge within 300 days of the most recent discriminatory conduct alleged and, hence, her complaint is untimely. Re-pleading the allegations will not overcome this infirmity. Based on this analysis, the Court respectfully recommends to Judge Bianco that Plaintiff not be granted leave to re-plead. *See Coppens v. Aer Lingus Ltd.*, 14-CV-6597, 2015 WL 3885742, at * 10 (E.D.N.Y. June 22, 2015).

## V.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Bianco that Defendant's Rule 12(b)(6) motion to dismiss be GRANTED and Plaintiff's Complaint be dismissed with prejudice.

## VI.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* FED. R. CIV. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joseph F. Bianco, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file objections will result in a waiver of those objections for purposes of appeal.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED**.

Dated: Central Islip, New York
July 27, 2018

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge