UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ESTELA LAHOZ,

                  Plaintiff,

    -against-

AGEWELL NY,

                  Defendant.

----------------------------------------------------------------X

**ORDER**
17-CV-3721 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

On June 16, 2017, *pro se* plaintiff Estela Lahoz commenced this action against AgeWell New York for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. (ECF No. 1.) On September 18, 2017, defendant moved to dismiss the complaint as untimely filed with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 14.) The Court referred the motion to Magistrate Judge Tomlinson for a report and recommendation on May 25, 2018. (ECF No. 20.)

On July 27, 2018, Magistrate Judge Tomlinson issued a Report and Recommendation ("R&R") recommending that the Court grant defendant's motion to dismiss with prejudice. (ECF No. 23.) More specifically, Magistrate Judge Tomlinson concluded that plaintiff cannot maintain this action because she failed to file a charge of discrimination with the EEOC within 300 days of defendant's most recent allegedly discriminatory conduct. (R&R at 6-9.) Plaintiff submitted objections to the R&R on August 13, 2018. (ECF No. 24.) For the reasons that follow, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with plaintiff's objections), the Court adopts Magistrate Judge Tomlinson's recommendation that the complaint should be dismissed. However, as explained below, the Court declines to dismiss the complaint with prejudice, and instead will grant plaintiff an opportunity to amend.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

As noted above, plaintiff submitted objections to the R&R on August 13, 2018. (ECF No. 24.) However, plaintiff does not assert that she timely filed a charge of discrimination with the EEOC. Instead, she argues that "[d]efendant's motion of dismissal is based on a 'time technicality' with respect to when [she] filed the Complaint." (ECF No. 24 at 2.) As correctly explained by Magistrate Judge Tomlinson (R&R at 6-9), however, Title VII requires a claimant to file a charge of discrimination with the EEOC within 300 days of allegedly discriminatory conduct, and a failure to timely file an EEOC charge is a proper ground for dismissal of a Title VII complaint based on

the same conduct. *E.g.*, *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 581 (E.D.N.Y. 2011); *Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 488 (S.D.N.Y. 2000). Accordingly, the Court rejects plaintiff's argument that dismissal of the complaint is unwarranted because it is based on a "time technicality." Although the 300-day limitations period may be equitably tolled in "rare and exceptional" circumstances, *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), plaintiff has not stated any basis for equitable tolling in any of her submissions to the Court (including her objections).[1] Thus, after a *de novo* review, the Court adopts Magistrate Judge Tomlinson's R&R to the extent the R&R recommends dismissal of the complaint.

However, the Court will grant plaintiff an opportunity to amend the complaint. The Second Circuit has repeatedly "held that district courts generally should not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend." *DeBoe v. Du Bois*, 503 F. App'x 85, 87 (2d Cir. 2012) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). This is particularly so when the plaintiff has not been given notice and an opportunity to respond. *See, e.g.*, *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (finding district court erred in *sua sponte* dismissing complaint as time-barred without leave to re-plead because district court "could not tell from the face of [the plaintiff's] complaint whether he might have meritorious tolling arguments"). Here, plaintiff has not previously amended her complaint and the issue of whether the 300-day limitations period was tolled has not been raised. Thus, and particularly in light of plaintiff's *pro se* status, the Court will grant her leave to amend the complaint to include any facts surrounding her failure to file her EEOC charge within 300 days of defendant's most recent allegedly discriminatory action, which would support equitable tolling.

---

[1] Although Magistrate Judge Tomlinson declined to consider the contents of plaintiff's unauthorized supplemental filing, the Court has reviewed it and notes that it contains no basis for equitable tolling.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss is granted and the complaint is dismissed with leave to amend. Plaintiff shall submit her amended complaint within 45 days of the date of this Order. The failure to do so will result in dismissal of the case with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: August 16, 2018
        Central Islip, New York